UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SEMINOLE ELECTRIC COOPERATIVE,
INC.,

    Plaintiff,

v.                                      Case No. 3:03-CV-589-J-32MCR

UTILITY WORKERS UNION OF AMERICA,
LOCAL 551,

    Defendant.
_____/

## DEFENDANT'S MEMORANDUM ON REMAND TO ARBITRATOR

Defendant Utility Workers of America, Local 551 (the "Union") submits its memorandum on the following issue: When a court upholds an arbitration decision on the merits but reverses the remedy, can the court recommit to the arbitrator for recalculation of the remedy?

The Court requested briefing on this issue at the May 27, 2004, hearing on the parties' cross-motions for summary judgment. At the hearing, the Court noted that it was inclined to uphold Arbitrator Abrams' decision the merits but reverse the remedy on grounds that the arbitrator exceeded his authority by incorporating a safety issue not before him. It is the Union's understanding that should the Court follow its inclination to reverse the remedy on such basis, any components of the arbitrator's Award, (Arb. Dec. at p. 27), that flow from the arbitrator's finding that Mark Felten was guilty of a safety violation would be stricken. Those components are the following: the four-week backpay reduction; leave for the Company to conduct a medical examination; job accommodation requirements; and partial denial of the grievance and the consequent splitting of the arbitrator's expenses between the parties.

*General circumstances warranting remand*

Generally, remand to an arbitrator is appropriate "when an award is patently ambiguous, when the issues submitted were not fully resolved, or when the language of the award has generated a collateral dispute." *Oil, Chem. & Atomic Workers Int' l Union Local 4-367 v. Rohm & Haas, Tex., Inc.*, 677 F.2d 492, 495 (5th Cir. 1982).

There is plenty of authority in the Eleventh Circuit allowing remand to the original arbitrator for clarification of an ambiguous award. *See Bakery, Confectionery and Tobacco Workers Local Union No. 362-T, AFL-CIO-CLC v. Brown and Williamson Tobacco Corp.*, 971 F.2d 652, 654–55 (11th Cir. 1992); *Ainsworth v. Skurnick*, 909 F.2d 456, 457 (11th Cir. 1990); *AFSCME, Local Lodge 1803 v. Walker County Med. Ctr., Inc.*, 715 F.2d 1517, 1519 (11th Cir. 1983) (*per curiam*). An arbitration award is ambiguous and thus subject to remand when the award can be interpreted in a variety of ways. *Ainsworth*, 909 F.2d at 457; *Walker*, 715 F.2d at 1519.

Eleventh Circuit authority exists as well for resubmitting a matter to an arbitrator when for some other reason the parties' dispute is not fully resolved. *See United Steelworkers v. W.C. Bradley Co.*, 551 F.2d 72 (5th Cir.1977) (remand because of inexplicable failure of both parties to disclose essential information to arbitrator).[1]

*Remand not required if award not too indefinite to enforce*

Remand of an ambiguous award may be unnecessary if the award is sufficiently definite to be enforced. The rule in this Circuit, albeit as established in a case brought under the Railway Labor Act, is as follows:

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

> [W]here the award is ambiguous, but can be clarified by reference to extrinsic evidence not involving the special expertise of the [arbitral] board, . . . the district court may resolve the conflict in an enforcement proceedings [*sic*]. However, where . . . the award is too indefinite to be enforced, and cannot be made definite by considering nonspecialized extrinsic evidence, then the court should remand to the board for clarification of the award.

*United Transp. Union v. Southern Pacific Transp. Co.*, 529 F.2d 691, 693 (5th Cir. 1976). *See also Aeronautical Machinists Lodge 709 v. Lockheed Corp., Lockheed-Georgia Co. Div.*, 683 F.2d 419 (11th Cir. 1982) (if arbitration award contains no ambiguity rendering it incapable of enforcement, district court's remand of case to arbitrator is improper); *Steelworkers, Local No. 12886 v. ICI Americas Inc.*, 545 F.Supp. 152, 154 (D. Del. 1982) ("Where the true intent of an arbitrator is apparent, the award should not be resolved by resubmission to the arbitrator.").

*Remand of vacated award*

In *Major League Baseball Players Assn. v. Garvey*, 532 U.S. 504 (2001) (*per curiam*) made the following pronouncements regarding remand of a vacated arbitration award:

> . . . [w]e said in *Misco* that "even in the very rare instances when an arbitrator's procedural aberrations rise to the level of affirmative misconduct, as a rule the court must not foreclose further proceedings by settling the merits according to its own judgment of the appropriate result." *484 U.S. at 40-41, n. 10*. That step, we explained, "would improperly substitute a judicial determination for the arbitrator's decision that the parties bargained for" in their agreement. *Ibid.* Instead, the court should "simply vacate the award, thus leaving open the possibility of further proceedings if they are permitted under the terms of the agreement."

*Garvey*, 532 U.S. at 510.

\* \* \*

> . . . But again, established law ordinarily precludes a court from resolving the merits of the parties' dispute on the basis of its own factual determinations, no matter how erroneous the arbitrator's

3

> decision. *Misco, supra,* at 40, n. 10; see also *American Mfg. Co., 363 U.S. at 568.* Even when the arbitrator's award may properly be vacated, the appropriate remedy is to remand the case for further arbitration proceedings. *Misco, supra,* at 40, n. 10. The dissent suggests that the remedy described in *Misco* is limited to cases where the arbitrator's errors are procedural. *Post,* at 1 (opinion of STEVENS, J.) *Misco* did involve procedural issues, but our discussion regarding the appropriate remedy was not so limited. If a remand is appropriate *even* when the arbitrator's award has been set aside for "procedural aberrations" that constitute "affirmative misconduct," it follows that a remand ordinarily will be appropriate when the arbitrator simply made factual findings that the reviewing court perceives as "irrational." The Court of Appeals usurped the arbitrator's role by resolving the dispute and barring further proceedings, a result at odds with this governing law.

*Garvey,* 532 U.S. at 511 (footnote reference omitted).

At first blush, *Garvey* would appear to require remand to an arbitrator in every instance when an arbitration award is vacated. Read in isolation, the statement "[e]ven when the arbitrator's award may properly be vacated, the appropriate remedy is to remand the case for further arbitration proceedings" would support such a sweeping interpretation.

However, the totality of the Supreme Court's opinion indicates instead that remand is required only when an arbitrator's decision on the merits of an issue submitted for arbitration is vacated. For a court to then proceed to rule on the merits of the parties' dispute would be a usurpation of the arbitrator's function.

In the Union's view, *Garvey* would not require remand where an arbitrator exceeded his or her authority by ruling on an issue not submitted by the parties. Because the issue would have been beyond the scope of the arbitration, there would be no reason to resubmit it to the arbitrator once the arbitrator's award on the issue is vacated. The issue would be rendered a nullity.

4

*Remand to Arbitrator Abrams would be unnecessary*

Should the Court reverse the remedy on grounds that the arbitrator exceeded his authority by incorporating the safety issue, remand would be unnecessary because the remainder of the Award would not be too indefinite to enforce. The backpay reduction, medical examination and job accommodation components of the Award would be nullified because they flow from the beyond-the-scope safety issue. With those elements out of the picture permanently, it is clear that Mr. Felten would be entitled to all relief stated in the first paragraph of the "Award" on p. 27 of the Arbitrator's decision, plus adding back of the four weeks' deducted from back pay. Another change to the Award that would clearly result from excision of the safety violation issue is that the Company would become liable for the entirety, rather than one-half, of the Arbitrator's fees and expenses. The grievance was denied in part in light of the safety violation finding. With the safety violation finding lifted, the grievance would be fully sustained, which in turn would make the Company the only party responsible for payment of the arbitrator's expenses pursuant to Article III, Section 4, Subsection C.

Of course, remand for further proceedings would be appropriate if there were more than one possibility of what the remedy might be as a consequence of a determination that the remedy exceeded the arbitrator's authority. *See, e.g., Cleveland Frog & Crossing Co. v. Industrial & Allied Employees' Union Local No. 73*, 1981 U.S. App. LEXIS 20338, at **3–4 (6th Cir. Feb. 9, 1981) (unpublished opinion) (attached) (cited only as an illustration, not a precedent). But that would not be the case here. The only issues that would arise once the safety components of the Award were removed would be the length of the backpay period and the impact on liability for arbitral expenses. As discussed in the preceding paragraph, there can be only one answer to each of these questions.

5

Removal of the safety components thus would leave no ambiguity as to what the remedy would be in the absence of those components. To remand to the arbitrator in these circumstances, would be a waste of the parties' time and resources and would delay relief for Mr. Felten.

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail, this 17th day of June, 2004 to Mark Levitt, Allen, Norton & Blue, 324 S. Hyde Park Avenue, Suite 350, Tampa, FL 33606-4127.

Respectfully submitted,

Kathryn S. Piscitelli, Esquire
Florida Bar No. 368598
EGAN, LEV & SIWICA, P.A.
Post Office Box 2231
Orlando, FL 32802-2231
(407) 422-1400 - Telephone
(407) 422-3658 - Facsimile

**Attorney for Defendant**

Service: **Get by LEXSEE®**
Citation: **1981 us app lexis 20338**

647 F.2d 164, *; 1981 U.S. App. LEXIS 20338, **

CLEVELAND FROG AND CROSSING COMPANY, etc., Plaintiff-Appellee, v. INDUSTRIAL AND ALLIED EMPLOYEES' UNION LOCAL NO. 73, Defendant-Appellant.

No. 79-3454

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

647 F.2d 164; 1981 U.S. App. LEXIS 20338

February 9, 1981

**NOTICE:** [**1]

UNPUBLISHED OPINION. Under Rule 11, unpublished opinions cannot be cited to the Sixth Circuit Court of Appeals.

Sixth Circuit Rule 24 Supersedes Rule 11.

**CORE TERMS:** arbitrator, suspension, plant, five-day, collective bargaining agreement, insubordination, insubordinate, arbitration, sixty-day, suspended, vacate

**COUNSEL:** Moses Krislov, Moses Krislov Co., L.P.A., 800 Engineers Building, Cleveland, Ohio 44114, for Appellant.

Edward E. Duncan, Arter & Hadden, 1144 Union Commerce Building, Cleveland, Ohio 44115

Edward W. Bergman, Seyfarth, Shaw, Fairweather & Geraldson, 55 East Monroe Street, Suite 4200, Chicago, Illinois 60603

Ralph A. Morris, Carl E. Johnson, for Appellee.

**OPINION:** [*164]

BEFORE: WEICK, KENNEDY and JONES, Circuit Judges

ORDER

Defendant-appellant appeals the judgment of the District Court vacating the

award of the arbitrator and reinstating the decision of plaintiff-appellee to discharge employees Ford and Talley. The employees were discharged for insubordination. The matter was taken to arbitration. The plant rules, which were part of the collective bargaining contract, provided either a five-day suspension or discharge as penalties for insubordination. The arbitrator found that the employees were wrong in their interpretation of the collective bargaining agreement and, thus, were insubordinate. He found [**2] the penalty of discharge was "patently offensive," but he apparently also felt the five-day suspension was inadequate. He held that the employees should be suspended for sixty days.

The employer sued in District Court to vacate the judgment of the arbitrator, claiming that the arbitrator had abused his authority by providing a penalty contrary to those expressly provided in the plant rules. The District Court held that the arbitrator had no authority to impose a sixty-day suspension and vacated the judgment of the arbitrator. It added that the company's discharge of the two employees must be allowed to stand.

Appellant argues that the decision of the arbitrator must be allowed to stand as it is the arbitrator's interpretation of the contract that the parties agreed to abide by, not the court's. If the arbitrator did exceed his authority, it argues the court should have remanded to the arbitrator for choice of penalty from among the options provided by the plant rules.

The Supreme Court has expressed a strong public policy in allowing parties to a collective bargaining agreement settle their differences by arbitration as provided for in the agreement. However, an arbitrator's [**3] award is legitimate only so long as it draws it essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596-97 (1960).
See Detroit Coil Co. v. International Assn. of Machinists & Aerospace Workers, Lodge #82, 594 F.2d 575, cert. denied, 444 U.S. 840 (1979); Timken Co. v. Local Union No. 1123, United Steelworkers of Ameirca, 482 F.2d 1012 (6th Cir. 1973).

In the present case, the arbitrator made two decisions: one, he decided the employees were insubordinate; two, he decided a sixty-day suspension was an appropriate penalty. The first decision was clearly an appropriate exercise of authority under the contract and the parties are not contesting that decision. The second decision was not. The plant rules only provided a choice between a five-day suspension or discharge. By holding the employees should be suspended for sixty days, the arbitrator was not interpreting the labor contract, but was substituting his own brand of justice for that agreed upon by the parties, something [**4] which an arbitrator is not entitled to do.

See Enterprise Wheel & Car Corp., 363 U.S. at 597. Thus, the District Court correctly held that the arbitrator exceeded his authority by providing for a remedy contrary to express provision in the plant rules.

However, while a court is empowered to determine whether or not an arbitrator's award exceeded the limits of the arbitrator's contractual authority, the court may not review the merits of an arbitration award. See Timken, supra, 482 F.2d at 1014. By deciding the penalty should be discharge, as the employer asserted, rather than a five-day suspension, the District Court substituted its judgment for that of the arbitrator, something it may not do. The decision of the arbitrator is ambiguous as to what he would decide if forced to choose between five-day suspension and discharge. Therefore, the District Court erred in making the choice for the arbitrator and its decision must be reversed.

This Court remands to the District Court with instructions for the District Court to vacate the award and to remand to the arbitrator with direction to afford relief within the terms of the collective bargaining agreement and plant rules.

Service: **Get by LEXSEE®**
Citation: **1981 us app lexis 20338**
View: **Full**
Date/Time: Thursday, June 17, 2004 - 1:45 PM EDT

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.